UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.:   2:13-cr-20712 |
| v. | Honorable George Caram Steeh |
| MITSUBA CORPORATION | |
| Defendant. _____/ | |

**SENTENCING MEMORANDUM**
**(Under Seal)**

Mitsuba Corporation ("Defendant") is scheduled to appear before this Court on November 6, 2013 for arraignment and expedited sentencing.  The United States requests that the Court impose sentence immediately after the plea hearing.  The United States submits this Sentencing Memorandum in support of its request, in order to provide the Court with sufficient information that it may meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without preparation of a presentence report in this matter.

**The Recommended Sentence**

As memorialized in the proposed plea agreement tendered pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c), the United States and Defendant recommend jointly that the Court sentence Defendant to pay to the United States a $135 million criminal fine, with $10 million payable within thirty (30) days of imposition of sentence, and five installments of $25 million payable at the one- through five-year anniversaries of sentencing, with interest waived. Defendant, however, will have the option at any time before the five-year anniversary of prepaying the remaining balance then owing on the fine.

The applicable Sentencing Guidelines fine range exceeds the recommended sentence. Although the United States would have moved the Court for a downward departure pursuant to U.S.S.G. §8C4.1 based on Defendant's ongoing and substantial assistance in this investigation, the United States and Defendant agree that Defendant would nevertheless be unable to pay even such a reduced fine without substantially jeopardizing its continued viability. The parties agree that the recommended fine of $135 million is appropriate, pursuant to U.S.S.G. §8C3.3(a) and (b). There are no objections to the recommendation, and the parties have agreed that a Presentence Investigation Report is unnecessary.

I.      **The United States's Fine Methodology**

The United States first calculated a proposed criminal fine using volume of commerce numbers submitted to the United States by Defendant and certain automobile manufacturers and analyzed by the Antitrust Division. Relying on data for sales of windshield wiper systems and components, windshield washer systems and components, starter motors, power window motors, and fan motors manufactured and/or sold to certain automobile manufacturers in the United States during the conspiracy period, the relevant volume of commerce affected by the violation is more than $ 2.4 billion.

After determining that Defendant likely would be unable to pay a fine resulting from this volume of commerce under U.S.S.G. §§ 2R1.1 and 8C2.7 even with the use of a reasonable installment schedule, the United States retained an accountant who has been used as a consultant and expert witness by the Antitrust Division in several similar previous cases, to conduct a detailed analysis of Defendant's financial condition. The Antitrust Division and its retained expert received presentations from Defendant and its retained accountants, required Defendant to make multiple productions of a large volume of detailed financial data, and conducted detailed analyses of the data. After several months of analysis and negotiations, the parties agreed that a

2

criminal fine of $135 million, payable in installments over five years, was the maximum fine that Defendant could pay without substantially jeopardizing its continued viability.

## II. United States Sentencing Guidelines Calculation

The United States and Defendant generally agreed on the fine methodology and result under the Sentencing Guidelines, as a starting point for the analysis of whether Defendant would be able to pay a Guidelines fine without substantially jeopardizing its continued viability as an ongoing organization.

### A. Base Fine

The controlling Guideline applicable to the count charged is U.S.S.G. §2R1.1(d)(1), pursuant to which the base fine is 20% of the affected volume of commerce, or $480 million.

### B. Culpability Score

1. The base culpability score under U.S.S.G. § 8C2.5(a) is 5;

2. Defendant is a corporation with more than 5,000 employees, which adjusts the culpability score upward by 5 points under U.S.S.G. §8C2.5(b)(1)(A)(i);

3. Defendant agreed to plead guilty to one count of Obstruction of Justice, in violation of 18 U.S.C. § 1519. This count groups with the Sherman Act count. Based on Defendant's engaging in obstructing or impeding justice, a 3-level increase is appropriate pursuant to U.S.S.G. §8C2.5(e).

4. Defendant has fully admitted its criminal conduct, identified all those who participated in the underlying anticompetitive conspiracy and obstruction, and agreed to cooperate, thus making Defendant eligible for acceptance of responsibility credit. Under U.S.S.G. § 8C2.5(g)(2), Defendant's ▉▉▉▉ cooperation and acceptance of responsibility adjusts the culpability score downward by 2 points;

3

5. The total culpability score is 11, leading to a minimum/maximum multiplier of 2.00 to 4.00, pursuant to U.S.S.C. § 8C2.6.

C. **Guidelines Fine Calculation**

Applying the minimum multiplier under U.S.S.G. § 8C2.6, a base fine of $480 million, and a substantial assistance discount of 30% under U.S.S.G. §8C4.1,[1] yields a minimum Guidelines fine of $672 million.

III. **Inability to Pay Guidelines Fine**

The joint recommendation that Defendant be required to pay a criminal fine of $135 million is based on expert analysis of Defendant's financial condition and its ability to pay a fine that will not substantially jeopardize its continued viability.



---

[1] Based on Defendant's substantial assistance in the Antitrust Division's investigation of violations of law in the automotive parts industry, the United States respectfully submits that a discount in the criminal fine of approximately 30 percent (30%) would have been appropriate under U.S.S.G. § 8C4.1.

4



███████ Defendant ultimately agreed to enter into a plea agreement calling for a fine in the maximum amount the United States ████████ had concluded was feasible, provided that payments were scheduled over five years with interest waived.

The United States believes that the agreed upon fine accurately reflects Defendant's ability to pay, and adequately punishes Defendant for its illegal conduct.

## Conclusion

For the reasons set forth above, the Court should impose the recommended sentence of a $135 million criminal fine, payable in the schedule set forth in the Plea Agreement, with interest waived and no order of restitution.

Respectfully Submitted,

_s/ Kenneth W. Gaul_____
  Kenneth W. Gaul
  Nancy H. McMillen
  Jason D. Jones
  Megan E. Gerking
  Shane Cralle
  Trial Attorneys
  U.S. Department of Justice
Antitrust Division
 450 5th Street, N.W.
Washington, D.C. 20530
Tel.: (202) 307-6147

Dated: _____